Citation Nr: 1719077 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 12-35 998 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to an effective date earlier than March 29, 2011 for the grant of service connection for right knee degenerative joint disease with surgical scars.

2. Entitlement to an effective date earlier than March 29, 2011 for the grant of service connection for left knee degenerative joint disease.


REPRESENTATION

Appellant represented by: Colorado Division of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse



ATTORNEY FOR THE BOARD

D. Houle, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1977 to April 1981.

These matters comes before the Board of Veterans' Appeals (Board) on appeal from an April 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado, which granted service connection for right knee degenerative joint disease with surgical scars and left knee degenerative joint disease with effective dates of March 29, 2011 for both disabilities.

In October 2016, the Veteran testified at a video conference hearing before the undersigned at the Denver RO. A transcript of that proceeding is of record.

The issues of entitlement to an earlier effective date for the grant of service connection for right knee degenerative joint disease with surgical scars and left knee degenerative joint disease are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.


REMAND

At his hearing before the undersigned, the Veteran raised the matter of whether revision of a December 2004 rating decision denying service connection for right knee disability and left knee disability is warranted on the basis of clear and unmistakable error (CUE). This matter has not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction to decide the matter at this time.

Unfortunately, however, adjudication of the CUE claim affects the adjudication of the earlier effective date for the grant of service connection for right knee degenerative joint disorder with surgical scars and left knee degenerative joint disorder claims. For this reason, the Board finds the issues are inextricably intertwined, and the issues of entitlement to an effective date earlier than March 29, 2011 for the grant of service connection for right knee degenerative joint disorder with surgical scars and left knee degenerative joint disorder must be remanded.

Accordingly, the case is REMANDED for the following action:

1. Adjudicate the Veteran's claim of CUE in the December 2004 rating decision that denied service connection for right knee disability and left knee disability, and provide the Veteran and his representative with appropriate notice of the decision and of the Veteran's appellate rights with respect thereto.

2. Thereafter, readjudicate the claims of entitlement to an effective date before March 29, 2011, for the award of service connection for right knee degenerative joint disorder with surgical scars and left knee degenerative joint disorder. If the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case (SSOC).

3. Thereafter, following either the expiration of the one-year period following notice of the rating decision adjudicating the CUE claim or the perfection of the Veteran's appeal of that CUE claim (whichever comes first), return the case to the Board.


The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This case must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Thomas H. O'Shay
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).